IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SOUTHERN FOODS GROUP LLC, et al.[1]<br><br>Debtors.<br><br>DEAN FOODS COMPANY AND DEAN DIARY HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KELLOGG SALES COMPANY,<br><br>Defendant. | Chapter 11<br><br>Case No. 19-36313 (DRJ)<br><br>(Jointly Administered)<br><br>Adv. Proc. No. 21-03067 (DRJ) |

## DEFENDANT'S ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). Daniel H. Golden, Trustee, Dean Foods Company Estate & Liquidating Trust, In Care of BRG 250 Pehle Avenue, Suite 301, Saddle Brook, NJ 07663, Attn: Rick Wright.

Defendant Kellogg Sales Company ("Defendant"), by and through its undersigned counsel, hereby responds to the allegations in Plaintiff's above-captioned complaint (the "Complaint") as follows:

1. There are no substantive factual allegations for Defendant to address in paragraph 1 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

2. There are no substantive factual allegations for Defendant to address in paragraph 2 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. There are no substantive factual allegations for Defendant to address in paragraph 6 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

7. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 7 of the Complaint and, thus, generally and specifically denies the allegations.

8. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 8 of the Complaint and, thus, generally and specifically denies the allegations.

9. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 9 of the Complaint, and thus, generally and specifically denies those allegations.

10. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 10 of the Complaint, and thus, generally and specifically denies those allegations.

11. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 11 of the Complaint, and thus, generally and specifically denies those allegations.

12. There are no substantive factual allegations for Defendant to address in paragraph 12 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

13. Defendant admits only that its address and state of incorporation are accurately stated in paragraph 13 of the Complaint.

14. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 14 of the Complaint, and thus, generally and specifically denies those allegations.

15. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 15 of the Complaint, and thus, generally and specifically denies those allegations.

16. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 16 of the Complaint, and thus, generally and specifically denies those allegations.

17. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 17 of the Complaint, and thus, generally and specifically denies those allegations.

18. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 18 of the Complaint, and thus, generally and specifically denies those allegations.

19. Defendant admits only that it received the payments identified in the exhibit referenced in paragraph 19 of the complaint.

20. Defendant admits only that it received the payments identified in the exhibit referenced in paragraph 20 of the complaint.

21. Defendant admits only that it received the payments identified in the exhibit referenced in paragraph 21 of the complaint.

22. There are no substantive factual allegations for Defendant to address in paragraph 22 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

23. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 23 of the Complaint, and thus, generally and specifically denies those allegations.

24. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 24 of the Complaint, and thus, generally and specifically denies those allegations.

DOCS_LA:339171.1 18040/001

25. There are no substantive factual allegations for Defendant to address in paragraph 25 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

26. There are no substantive factual allegations for Defendant to address in paragraph 26 of the Complaint.

27. Defendant admits only that it received the payments identified in the exhibit referenced in paragraph 27 of the complaint.

28. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 28 of the Complaint, and thus, generally and specifically denies those allegations.

29. Defendant admits the allegations contained in paragraph 29 of the Complaint.

30. Defendant admits the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in paragraph 31 of the Complaint.

32. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 32 of the Complaint, and thus, generally and specifically denies those allegations.

33. Defendant admits only that it received the payments identified in the exhibit referenced in paragraph 33 of the Complaint.

34. Defendant generally and specifically denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant generally and specifically denies the allegations contained in Paragraph 35 of the Complaint.

36. There are no substantive factual allegations for Defendant to address in paragraph 36 of the Complaint.

37. Defendant admits only that it received the payments identified in the exhibit referenced in paragraph 37 of the Complaint.

38. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 38 of the Complaint, and thus, generally and specifically denies those allegations.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 42 of the Complaint, and thus, generally and specifically denies those allegations.

43. Defendant admits only that it received the payments identified in the exhibit referenced in paragraph 43 of the Complaint.

44. Defendant generally and specifically denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant generally and specifically denies the allegations contained in Paragraph 45 of the Complaint.

46. There are no substantive factual allegations for Defendant to address in paragraph 46 of the Complaint.

47. Defendant generally and specifically denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant generally and specifically denies the allegations contained in Paragraph 48 of the Complaint.

49. There are no substantive factual allegations for Defendant to address in paragraph 49 of the Complaint.

50. Defendant generally and specifically denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52. Defendant generally and specifically denies the allegations contained in Paragraph 52 of the Complaint.

53. There are no substantive factual allegations for Defendant to address in paragraph 53 of the Complaint.

54. Defendant generally and specifically denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant generally and specifically denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant generally and specifically denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant generally and specifically denies the allegations contained in Paragraph 57 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, including each of the claims and counts therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff is precluded from any recovery under the Complaint by virtue of equitable doctrines, including but not limited to estoppel, waiver and unjust enrichment.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is barred from any recovery sought in the Complaint on the ground that any and all payments by the Debtor to Defendant were made in the ordinary course of business, and are excepted from avoidance under Bankruptcy Code section 547(c)(2)(A) or (B).

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is barred from any recovery sought in the Complaint on the ground that any and all payments made by the Debtor to Defendant, either directly or indirectly, were intended as a contemporaneous exchange, and are excused from avoidance under Bankruptcy Code section 547(c)(1).

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff is barred from any recovery sought in the Complaint on the ground that, following any and all payments made by the Debtor to Defendant, either directly or indirectly, Defendant provided new value to or for the benefit of the Debtor, as provided under Bankruptcy Code section 547(c)(4).

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is barred from any recovery sought in the Complaint on the ground that, for any and all payments made by the Debtor to Defendant, either directly or indirectly, Defendant provided value to or for the benefit of the Debtor, and transacted therefor in good faith, as provided in Bankruptcy Code sections 544, 548 and 550.

## RELIEF REQUESTED

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice in its entirety;

3. For costs of suit and attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:   July 30, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |

*/s/ Michael D. Warner*
Andrew. W. Caine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:  acaine@pszjlaw.com

-and-

Michael D. Warner, Esq. (TX Bar No. 00792304)
PACHULSKI STANG ZIEHL & JONES LLP
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com

*Counsel for Defendant, Kellogg Sales Company*

## CERTIFICATE OF SERVICE

I certify that on July 30, 2021, a true and correct copy of the foregoing was served by this Court's CM/ECF to all parties that are registered to receive such notice in the above case.

*/s/ Michael D. Warner*
Michael D. Warner